*Ruggles, C. J.
 

 By the 30th section of the act * -J against raffling and lotteries (1 R. S. 666), it is enacted, “ that no person, unauthorized by special law for that purpose now existing, shall offer for sale, distribution or disposition, in any way, any real estate or any money, goods, chattels, articles, or things in action, or any interest therein,
 
 to be determined by lot or chance, that shall be dependent upon the drawing of any authorized or unauthorized lottery within or out of this state.”
 
 By the 31st
 
 *241
 
 section, “ all property so offered for sale, distribution or disposition, against the provisions of law, shall be forfeited to the people of this state, as well before as after the determination of the chance on which the same was dependent,” &c. This action was brought to recover, as forfeited, certain pictures and works of art alleged to have been offered for distribution in violation of the 30th section above in part recited.
 

 But that section is inapplicable to the present case. It applies only to distributions by lot or chance, dependent upon the drawing of some lottery over which the parties to the distribution have no control, and which drawing was not originally set on foot for the purpose of distributing the property claimed as forfeited, but for the purpose of disposing of some other property.
 

 The scheme for the distribution of the articles in question was originally set on foot and controlled by the parties interested in the articles proposed to be distributed, and for the sole purpose of their distribution by lot or chance. The offence, therefore, is not embraced within the 30th and 31st sections, above mentioned. Those sections appear to have been framed for the purpose of preventing an evasion of the 27th section, which forbids the drawing of any lottery. If the defendants had made the distribution of the articles in question as prizes, to depend on the drawing of some other lottery, in or out of the state, and by some person or persons, other than themselves, they would have incurred the forfeiture for which this action is brought; but such is not the case. They may have incurred the penalty of a pecuniary fine as prescribed by the 27th
 
 section;
 
 *but this action is not brought for that penalty, ^ and it cannot be maintained for the forfeiture *- of the property itself. The judgment of the supreme court should be reversed.
 

 Judgment reversed.